W. JONES, J.,
dissenting.
I feel compelled to dissent from the majority opinion because I do not believe the district court judge abused his discretion in striking the plaintiffs’ expert witnesses on the grounds that they were not adequately disclosed and thereon dismissing the case on summary judgment since the plaintiffs did not have an expert who could opine that any of the defendants committed malpractice by breaching the applicable standard of care.
In the present ease, the district court entered a pre-trial Order requiring plaintiffs to disclose their experts by October 30, 2014. The Order stated that such experts be disclosed “including opinions and conclusions.” (Emphasis added). As of the time for disclosures, plaintiffs disclosed only the experts’ names and that they would testify as to the standard of care and that such standard of care was breached in several different ways. Thereafter, defendants moved to exclude the experts on the grounds that the disclosure was inadequate. I would be among the first to agree that the district court’s Order requiring disclosure was not the best I have ever seen. Notwithstanding that fact, I feel that it was adequate considering other facts in the case.
The bottom line is that I believe plaintiffs’ failure to disclose the information required regarding plaintiffs’ expert witnesses is not the result of the district court’s disclosure Order; on the contrary, the failure of disclosure clearly was the result of plaintiffs’ delay in locating an expert, familiarizing him/her with the standard of care in Blackfoot, and preparing their experts with information regarding the standard of care and the reasons for breaching that standard. The disclosure of such information is the type that would fall into the class “including opinions and conclusions” (emphasis added) referenced by the district court judge in his disclosure Order. The majority opinion seems to infer that the court’s Order referred to only one or more opinions and conclusions, but intentionally totally ignores the word “including” which obviously refers to something more than just opinions and conclusions.
I feel that in this day and age any licensed attorney is presumed to know the Idaho Rules of Civil Procedure, which include rules regarding disclosure of expert and lay witnesses. Idaho Rule of Civil Procedure 26(b)(4)(A)(l) provides requirements regarding the disclosure of expert witnesses as follows:
*118 Rule 26(b)(4)(A). Trial Preparation—Experts.
(1) A party must disclose to the other parties by interrogatory and/or court order, the identity of any witness it expects will testify at trial to present evidence under I.R.E. 702, 703 and 705.
(i) For individuals retained or specially employed to provide expert testimony in the case or who are employees of the party: a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; any qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
I.R.C.P. 26(b)(4)(A)(l)(i) (emphasis added). Additionally, although not applying directly to disclosure of expert witnesses, Idaho Code section 6-1013 requires expert witnesses in medical malpractice cases to have certain knowledge as follows:
The applicable standard of practice and such a defendant’s failure to meet said standard must be established in such cases by such a plaintiff by testimony of one (1) or more knowledgeable, competent expert witnesses, and such expert testimony may only be admitted in evidence if the foundation therefor is first laid, establishing (a) that such an opinion is actually held by the expert witness, (b) that the said opinion can be testified to with reasonable medical certainty, and (c) that such expert witness possesses professional knowledge and expertise coupled with actual knowledge of the applicable said community standard to which his or her expert opinion testimony is addressed....
I.C. § 6-1013. Idaho Code section 6-1013 is useful information related to expert witness disclosures emphasized by I.R.C.P. 26(b)(4)(A)(l)(i) and the court’s Order setting forth disclosures “including opinions and conclusions.” (Emphasis added). It can perhaps be said to be common knowledge, at least among trial attorneys, that the disclosure of expert witnesses means something more than the witnesses’ names. This is emphasized by the fact that Judge Tingey’s Order required information “including opinions and conclusions.”
Returning to the facts of this case, at the hearing on defendants’ Motion to exclude plaintiffs’ experts, plaintiffs’ counsel represented to the court that they did not understand the court’s Order requiring the additional disclosure information, such as what the standard of care is in Blackfoot, as well as how it was obtained, or how it was breached. In light of that situation, the judge denied the defendants’ Motion and, under the belief that plaintiffs had just misunderstood the Order, gave plaintiffs an additional fourteen days to provide the required disclosures. When the time came to supplement the initial disclosures, plaintiffs threw a wicked curve ball at Judge Tingey. At the hearing on the Motion to exclude plaintiffs’ experts again for inadequate disclosures, plaintiffs' attorney stated that they were unable to determine the standard of care in Blackfoot and accordingly could not give any expert opinion as to the applicable standard of care in Blackfoot as well as if defendants breached that standard of care or how it was breached.
In their supplemental disclosure, plaintiffs stated that they attempted to help their expert familiarize himself with the standai’d of care in Blackfoot by obtaining information from neurologists from around the state; however, every request had either been rejected or unanswered. Accordingly, plaintiffs needed additional time to start from scratch to find a qualified expert. Moreover, such an expert would likely be an out of area expert, who would therefore have to familiarize himself with the local standard of care by finding a town with suitably similar local characteristics and medical procedures similar to the standard of care in Blackfoot. It is *119 easy to see that the work still-.remaining to respond appropriately to the disclosure Order should have been started at the beginning of litigation.
The record established that this case was initially filed on June 17, 2011, and the Order for plaintiffs to disclose experts was entered on January 18, 2013. By stipulation and court formalization, the parties set October 30, 2014 as the deadline for expert -witness disclosure, “including opinions and conclusions” (emphasis added); therefore, plaintiffs’ had at least 650 days to get their ducks in a row. I cannot see how any conclusion can be reached other than that the plaintiffs simply did not exercise the diligence that one would expect to be used in'such a case. This Court reviews the district court’s Order for disclosure of experts witnesses’ opinions under an abuse of discretion standard. I certainly cannot question the discretion of Judge Tingey in determining that the failure to disclose plaintiffs’ experts was not in any way due to a problem with the court’s pre-trial Order, but rather was entirely due to inattention or delay in preparing for the ease. If in fact plaintiffs were confused or did not fully understand what was meant by the district court’s Order for disclosure of expert witnesses’ opinions, counsel should have reviewed Idaho Rule of Civil Procedure 26(b)(4)(A) and Idaho Code section 6-1013. Moreover, plaintiffs could have easily filed a motion with the court for clarification of its Order, and if necessary, for additional time to disclose expert ^fitnesses’ opinions.
I would affirm the decision by the district court.